DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiffs
JESSE W. WOLFE & DAWN WOLFE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE W. WOLFE & DAWN WOLFE, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> **VERIFIED COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit

to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. JESSE W. WOLFE AND DAWN WOLFE (hereinafter "Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of WELLS FARGO HOME MORTGAGE (hereinafter "Defendant WFHM"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs' damages.

3. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

4. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act and California Civil Code §§ 1788-1788.32 (RFDCPA).

5. Because Defendants do business within the State of California, personal jurisdiction is established.

---

[1] Cal. Civ. Code 1788.1(a)-(b)

6. Plaintiffs are residents of this County and the violation of California Civil Code §1788, et seq, occurred and damages resulted in this County.

**PARTIES**

7. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

8. Plaintiffs are informed and believe, and thereon allege, that Defendant WFHM is a company operating in California.

9. Plaintiffs are informed and believe, and thereon allege, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer

credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

11. At all times relevant, Plaintiffs were individuals residing within the State of California.

12. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

13. At all times relevant herein Plaintiff JESSE W. WOLFE has had a home mortgage with Defendant WFHM. The promissory note provides that Plaintiff's monthly payment to WFHM is due on the first of each month but not delinquent until the 16th of each month, thereby giving Plaintiff a grace period through the 15th of each month to pay the mortgage payment.

14. Beginning as early as the 10th of the month, Defendant WFHM and/or its agents began calling Plaintiffs to make the mortgage payment. Plaintiffs have a baby and sometimes are up all night with the baby. Defendants will call repeatedly to make the monthly payment. In November 2012, Plainitffs had advised Defendants not to call. In May 2013, Defendants began calling again. Defendants called Plaintiffs on May 10, 2013. Defendants called on May 14, 2013 at 1:22 p.m. Plaintiffs then called Defendants back that same day and left a message for a supervisor to have Defendant stop calling. Plaintiffs, that same day, followed up with a letter to Defendants telling them to

stop calling. By letter dated May 15, 2013, Defendants acknowledged Plaintiffs' phone calls asking that all calls stop, but Defendants refused to honor Plaintiffs' request until Plaintiffs signed a statement provided by Defendants. Defendants called again on May 14, 2013 at 5:39 p.m.; then on May 15, 2013 at 8:05 a.m.; then on May 15, 2013 at 2:52 p.m. During these phone calls Defendant's employees were condescending to Plaintiffs telling them to pay their bills on time, asking rhetorical questions whether Plaintiffs signed contract which provides for payment on the 1st and asking Plaintiffs if they knew what the first of the month means. After May 2013, Defendant continued to call repeatedly despite being told in writing to cease.

## COUNT I

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)**

15. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendants constitute violations of the RFDCPA, including but not limited to, 1788.11(d)(e) & 1788.17 by violating 15 U.S.C. 1692d, d(5), 1692c(C), and 1692f.

17. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to

California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

18. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

19. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

20. Defendant WFHM and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

21. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

22. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and private concerns or affairs.

23. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in this intrusion and invasion of privacy against Plaintiffs by this Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiffs' position.

24. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants for:

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

DATED: September 30, 2013         DELTA LAW GROUP

                                  BY: _____
                                      JIM G. PRICE
                                      Attorneys for Plaintiffs
                                      JESSE W. WOLFE & DAWN WOLFE

**VERIFICATION**

I, DAWN WOLFE, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this  30  day of September, 2013, at Brentwood, California.

_____
DAWN WOLFE